UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEORGE KERSEY, )<br>                               )<br>         **Plaintiff,**             )<br>                               )<br>        v.                     )<br>                               )<br>JOHN G. ROBERTS, et al., )<br>                               )<br>        **Defendants.**     )<br>                               ) | **Civil Action No.**<br>**24-11791-FDS** |

## ORDER

**SAYLOR, C.J.**

George Kersey, who is proceeding *pro se*, has filed a handwritten complaint against United States Supreme Court Chief Justice John G. Roberts and five other Supreme Court Justices, alleging that they violated the United States Constitution by "giv[ing] unequal treatment to Donald Trump by giving him limited immunity to prosecutions which no one has ever been given before."  (Dkt. No. 1 ¶ 3).  Plaintiff claims that he has standing to bring this action because he "is a veteran of the U.S. Army and took an oath to defend the Constitution."  (*Id.* ¶ 4).  He seeks $1,000,000 in punitive damages.  (*Id.*).

Among other issues, the court lacks jurisdiction over the asserted claim.  Under Article III of the United States Constitution, "the Federal Judiciary is vested with the 'Power' to resolve not questions and issues but 'Cases' and 'Controversies.'"  *Ariz. Christian Sch. Tuition Org. v. Winn,* 563 U.S. 125, 132 (2011) (quoting U.S. Const. art. III, § 2).  "To state a case or controversy under Article III, a plaintiff must establish standing."  *Id.* at 133.  A plaintiff "must present an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged action; and redressable by a favorable ruling," to establish standing.

*Horne v. Flores*, 557 U.S. 433, 445 (2009). "For an injury to be 'particularized,' it must 'affect the plaintiff in a personal and individual way.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 n.1 (1992)). A "generalized interest of all citizens in constitutional governance" does not suffice to confer standing. *Ariz. Christian Sch.*, 563 U.S. at 132 (quoting *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 217 (1974)). "Injuries that are too 'widely shared' or are 'comparable to the common concern for obedience to law' may fall into the category of generalized grievances about the conduct of government." *Lyman v. Baker*, 954 F.3d 351, 361 (1st Cir. 2020) (quoting *Becker v. Fed. Election Comm'n*, 230 F.3d 381, 390 (1st Cir. 2000)).

Despite his military service, plaintiff does not identify a "particularized" injury he suffers due to the alleged misconduct. Rather, he complains of "harm to his and every citizen's interest in proper application of the Constitution and laws." *Lujan*, 504 U.S. at 573. As plaintiff has not alleged facts sufficient to establish standing to bring this lawsuit, this action does not present a "case" or "controversy" over which this court could exercise jurisdiction.[1]

Accordingly, for the reasons stated above, the court hereby orders:

1. This action is DISMISSED for lack of jurisdiction.
2. Pursuant to 28 U.S.C. § 1915(a)(3), the court certifies that an appeal of this order would not be taken in good faith.

**So ordered.**

Dated: July 15, 2024

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court

---

[1] The Court also notes that judges, including Supreme Court justices, are immune from liability for acts committed within the scope of their judicial authority, *see Rehberg v. Paulk*, 566 U.S. 356, 363 (2012); *Pierson v. Ray*, 386 U.S. 547, 554 (1967), and that only Congress has the power remove an Article III judge, *see N. Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 59 (1982) (plurality opinion).